IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA          :

    v.                            :   Criminal No. DKC 16-0230-2
                                      Civil Action No. DKC 19-0922
                                  :
TYRELL BAILEY
                                  :

**MEMORANDUM OPINION**

On March 28, 2019, a motion to vacate conviction was filed on behalf of Tyrell Bailey by the Office of the Federal Public Defender. (ECF No. 112). That motion challenged Mr. Bailey's conviction under 18 U.S.C. § 924(c), for use of a firearm during and in relation to a crime of violence. Many such motions were filed after the United States Supreme Court rendered its decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015). *Johnson*, of course, invalidated the residual clause of the Armed Career Criminal statute, 18 U.S.C. § 924(e)(2)(B)(ii), finding it unconstitutionally vague. Contending that the similar residual clause in §924(c) was also unconstitutional, Mr. Bailey asserted that the Hobbs Act robbery that underlay his conviction for use of a firearm during and in relation to a crime of violence under 18 U.S.C. § 924(c), could no longer qualify as a crime of violence. The motion also argues that Mr. Bailey's attorney provided

ineffective representation by failing to object on vagueness grounds to the § 924(c) conviction.

To be eligible for relief under § 2255, a petitioner must show, by a preponderance of the evidence, that his "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law."  28 U.S.C. § 2255(a).  If the § 2255 motion, along with the files and records of the case, conclusively show that he is not entitled to relief, a hearing on the motion is unnecessary and the claims raised in the motion may be dismissed summarily.  § 2255(b).

Since the filing of the motion, the Court decided *United States v. Davis*, 139 S.Ct. 2319 (2019), finding, as anticipated, that the residual clause in § 924(c) is also unconstitutionally vague.  On the other hand, though, the United States Court of Appeals for the Fourth Circuit, in *United States v. Mathis*, 932 F.3d 242, 266 (4th Cir. 2019), held that Hobbs Act robbery in violation of 18 U.S.C. § 1951(a) still qualifies as a crime of violence under the force clause of § 924(c).  Inasmuch as Mr. Bailey was convicted of using the firearm during and in relation to a Hobbs Act robbery as the underlying crime of violence, there is no defect in his conviction, and no prejudice from any deficient

2

performance by counsel, and the motion to vacate fails and will be denied.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, this Court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists could find the district court's assessment of the constitutional claims debatable or wrong. *See Buck v. Davis*, --- U.S. ----, 137 S. Ct. 759, 773-74 (2017). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the motion states a debatable claim of the denial of a constitutional right. *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (*citing Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Mr. Bailey has not made the necessary showing and a certificate of appealability will not issue. A separate order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge